**Rodolfo REGACHO, Plaintiff—Appellant,**

v.

**Jack E. POTTER, Postmaster General, Defendant—Appellee.**

No. 06–35054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Sept. 6, 2007.

Hal P. Gazaway, Esq., Anchorage, AK, for Plaintiff–Appellant.

Marleigh Dover, Esq., Office of the U.S. Attorney, Anchorage, AK, Anthony A. Yang, Esq., Mark R. Freeman, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Rodolfo Regacho appeals the district court's grant of summary judgment for the

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

United States Postal Service ("USPS") on his claims that USPS denied him training, failed to accommodate him, and terminated him in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 & 794(a), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a. The district court granted USPS's motion to dismiss Regacho's claims related to denial of training and accommodation, finding that Regacho had failed to timely consult with an Equal Employment Opportunity ("EEO") counselor as required by 29 C.F.R. § 1614.105(a)(1). The district court subsequently granted USPS's motion for summary judgment on Regacho's remaining claims because all of the alleged discriminatory actions also occurred more than forty-five days prior to the date that Regacho consulted with the EEO counselor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo whether a plaintiff has exhausted required administrative remedies. *Josephs v. Pacific Bell,* 443 F.3d 1050, 1061 (9th Cir.2006). Under 29 C.F.R. § 1614.105(a)(1), federal employees must initiate contact with an EEO counselor within forty-five days of the alleged discriminatory conduct before filing a civil action. "Failure to comply with this regulation is 'fatal to a federal employee's discrimination claim.'" *Cherosky v. Henderson,* 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting *Lyons v. England,* 307 F.3d 1092, 1105 (9th Cir.2002)). Regacho first complained to the EEO counselor on August 17, 1999 regarding USPS's failure to train him and to accommodate him. Thus, Regacho lost the ability to complain about

discrimination that occurred prior to July 4, 1999.

A review of the record indicates that by June 28, 1999, the date on which he received USPS's June 24, 1999 letter, Regacho knew or should have known that USPS had concluded the interactive process and had determined that: (1) Regacho could not perform his present position, even with accommodation; (2) no available, vacant positions existed to which Regacho could be reassigned; and (3) Regacho could not receive training for the Huffman position because of his medical restrictions.[1] All subsequent letters from USPS to Regacho or his representative merely reiterated USPS's final determination. We therefore affirm the district court's grant of summary judgment and determination that Regacho failed to exhaust his administrative remedies.

AFFIRMED.

---

1. Because Regacho had been so informed, we reject his arguments that the time period to consult with the EEO counselor should be equitably tolled or that USPS should be estopped from asserting the time limitations.

